IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | No. 3:21-cv-1074-B |
| § | | |
| BEYOU-COSMETICS STOREFRONT § | | |
| ON WWW.EBAY.COM, and JOHN § | | |
| DOES 1-10, individually or as § | | |
| corporations/business entities, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Kay Inc. filed a Motion For Leave to Serve Limited Third Party Discovery Prior to Rule 26(f) Conference to Identify John Doe Defendants, *see* Dkt. No. 3, which United States District Judge Jane J. Boyle has referred to the undersigned magistrate judge for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 6. For the reasons explained below, the Court GRANTS Mary Kay's Motion.

### **Background**

"Mary Kay is a global manufacturer and wholesale distributor of cosmetics, skin care products, toiletries, and related products that it sells under numerous trademarks it has registered with the United States Patent and Trademark Office." Dkt. No. 3 at 2 (citing Dkt. No. 1 ¶¶ 9, 12-16). Mary Kay alleges that the John Doe Defendants sold and continue to sell unauthorized Mary Kay products through the Beyou-Cosmetics storefront on eBay.com. *See id.*

-1-

Mary Kay filed this action on May 12, 2021, bringing claims under federal and state law against Defendant Beyou-Cosmetics storefront on eBay.com and John Doe Defendants for trademark infringement and unfair competition, trademark dilution, and tortious interference with existing contracts and business relationships. *See generally* Dkt. No. 1.

Along with its complaint, Mary Kay also filed the present motion requesting expedited discovery. *See* Dkt. No. 3. Mary Kay asserts that it has been unable to identify the operators of the Beyou-Cosmetics storefront because their contact information is not listed online and the return address on the products sold through Beyou-Cosmetics is false. *See id.* 4-5. Mary Kay "requests that this Court authorize Mary Kay to serve limited discovery on eBay and PayPal so that Mary Kay can obtain information allowing it to identify Defendants, amend its complaint, and properly name Defendants in this action." *Id.* at 2.

## Legal Standards and Analysis

"Under Federal Rule of Civil Procedure 26(d)(1), a party 'may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... [when authorized by these rules, by stipulation, or] by court order.'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)). A majority of district courts within the Fifth Circuit – including this one, *see Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013) – have adopted a "good cause" standard to determine whether to authorize

expedited discovery. *See ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016).

"In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (quoting *Ayyash v. Bank Al–Madina,* 233 F.R.D. 325, 327 (S.D.N.Y. 2005)) (emphasis omitted). Depending on the facts of the case, courts have identified several relevant factors, including "the breadth of the discovery requests, the purpose for requesting expedited discovery, [and] the burden on the defendants to comply with the requests," *ELargo*, 318 F.R.D. at 63, as well as whether the moving party is able to identify "the missing party with sufficient specificity," "the previous steps taken to locate the elusive defendant," and whether plaintiff's claims could "withstand a motion to dismiss." *Combat Zone Corp. v. Does*, No. 4:12-cv-2750, 2012 WL 12898022, at *1-*2 (S.D. Tex. Sept. 17, 2012). "The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Accruent, LLC v. Short*, No. 1:17-cv-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017).

The Court finds that Mary Kay has shown good cause to serve limited discovery on PayPal and eBay for the purpose of uncovering the identity of the John Doe Defendants. First, the scope of the request is narrow. Mary Kay seeks documents and information that may only be used to identify the John Doe Defendants, who are the individuals or entities that operate the Beyou-Cosmetics storefront. *See* Dkt. No. 3 at

4-5. Mary Kay made substantial attempts to identify the John Doe Defendants without expedited discovery yet failed despite its best efforts. *See id.* at 4-5, 8-9. It seems, therefore, that the limited discovery request is the only way to obtain this information.

And the burden on eBay, PayPal, and Defendants is small compared to the necessity of the information requested. Mary Kay's request is limited to information concerning only one eBay and PayPal storefront, *see id.* Exs. A & B, and the operators of Beyou-Cosmetics have a minimal expectation of privacy when selling infringing products, *see Malibu Media, LLC v. Doe*, No. SA-19-cv-00624-DAE, 2019 WL 3884160, at *2 (W.D. Tex. Aug. 16, 2019) (noting "an ISP subscriber has 'a minimal expectation of privacy in the sharing of copyrighted material'"). On the other hand, Mary Kay cannot litigate its claims and obtain relief without knowing John Doe Defendants' identities. *See* Dkt. No. 3 at 15. Further, requesting the information from both eBay and PayPal is reasonable because account holders often give different contact information to each company. *See id.* at 14 n.4.

Finally, Mary Kay has shown that its claims would likely survive a motion to dismiss. Mary Kay has pled plausible claims for trademark infringement and unfair competition under the Lanham Act and Texas common law, *see id.* at 9-11, trademark dilution under the Lanham Act and the Texas Business and Commercial Code, *see id.* at 12-13, and a state law claim for tortious interference with existing contracts and business relationships, *see id.* at 13-14. And there are no identifiable jurisdictional defects.

Based on these factors, Mary Kay has shown good cause for expedited discovery to obtain the Beyou-Cosmetics storefront operators identifying information.

## Conclusion

Accordingly, the Court GRANTS Plaintiff Mary Kay's Motion For Leave to Serve Limited Third Party Discovery Prior to Rule 26(f) Conference to Identify John Doe Defendants [Dkt. No. 3].

Mary Kay may immediately serve the Federal Rule of Civil Procedure 45 subpoenas attached to its motion as Exhibits A and B on eBay and PayPal. Mary Kay must attach a copy of this Order to each subpoena.

Any information ultimately disclosed to Mary Kay in response to the subpoenas may be used by Mary Kay only for the purpose of protecting its rights as asserted in its complaint. The information disclosed is limited to use by Mary Kay in this litigation and may not be disclosed other than to counsel for the parties.

SO ORDERED.

DATED: June 7, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE